UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TONYA LYNN BENNETT,

                              Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

19-CV-6522L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On April 7, 2016, plaintiff, then forty-three years old, filed an application for disability insurance benefits, alleging an inability to work since September 30, 2001. (Administrative Transcript, Dkt. #7 at 20). Her application was initially denied, and following a video hearing before Administrative Law Judge ("ALJ") Kenneth Theurer, the ALJ issued an unfavorable decision on August 6, 2018. That decision became the final decision of the Commissioner when the Appeals Council denied review on June 7, 2019. (Dkt. #7 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for the calculation and payment of benefits, or in the alternative for further proceedings (Dkt. #10), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the

reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).   *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.   *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, primarily comprised of treatment records for asthma, trigger finger, diabetic neuropathy, and attention-deficit hyperactivity disorder ("ADHD"), which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.   (Dkt. #7 at 22).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations: can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; can sit, stand or walk for up to six hours in an eight-hour workday with normal breaks; can occasionally climb ramps or stairs; can never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch and crawl; cannot perform more than frequent fine manipulation such as repetitive hand-finger actions, fingering or feeling with either hand, but retains the ability to grasp, hold, turn, raise and lower objects with either hand; should avoid work at unprotected heights or with dangerous machinery; should avoid concentrated exposure to smoke, dust or respiratory irritants; can understand and follow simple instructions and directions; can perform simple tasks with supervision and independently; can maintain attention and

concentration for simple tasks; can regularly attend to a routine and maintain a schedule; can relate to and interact with others to the extent necessary to carry out simple tasks, but should avoid work requiring more complex interaction or joint effort to achieve work goals; should have no more than incidental contact (defined as more than never and less than occasional – simply, the job should not involve direct interaction with the public, but the claimant does not need to be isolated away from the public) with the public; and can handle reasonable levels of simple-work related stress in that she can make occasional simple decisions directly related to the completion of tasks in a stale, unchanging work environment.   (Dkt. #7 at 24-25).

Because plaintiff had no past relevant work to assess, the ALJ turned to testimony by vocational expert Joseph Atkinson to determine whether there were positions in the economy that plaintiff could perform.   When given the ALJ's RFC finding as a hypothetical question, Mr. Atkinson testified that such an individual could perform the representative positions of marker II, small production assembler, and office helper.   (Dkt. #7 at 29).

## I.      Opinions By "Other" Treating Sources

Plaintiff's primary contention is that the ALJ erred when he declined to grant more than "little" weight to the opinion of plaintiff's treating therapist, licensed clinical social worker Cynthia Klinko.   (Dkt. #7 at 27-28, 937-42).

As an initial matter, by virtue of her status as a social worker, Ms. Klinko's opinion is not entitled to controlling weight.   *See Meyers v. Commissioner*, 2020 U.S. Dist. LEXIS 32843 at *13 (W.D.N.Y. 2020); *Coleman v. Commissioner*, 335 F. Supp. 3d 389, 398 (W.D.N.Y. 2018).   Social workers are not "acceptable medical sources" for purposes of the applicable Social Security Regulations, but rather are "other medical sources," whose opinions may be considered as to the severity of a plaintiff's impairment and ability to work, but whose conclusions are not entitled to

any special weight.   20 C.F.R. § 416.902.   *See May v. Colvin*, 2014 U.S. Dist. LEXIS 94368 at

*17 (W.D.N.Y. 2014) (noting that "[t]he ALJ has discretion to determine appropriate weight to

accord opinions of other medical sources," and finding that the ALJ's rejection of a social worker's

opinion on the grounds that it reflected a short course of treatment and was inconsistent with other

evidence of record, including the opinion of a consultative examiner, was appropriate).

Nonetheless, where, as here, the record does not contain medical opinions from an

acceptable medical source such as a treating physician or psychiatrist concerning a severe

impairment, the opinions of consulting and examining physicians, as well as non-acceptable

medical sources such as therapists, can "take on particular significance."   *Montanez v. Berryhill*,

334 F. Supp. 3d 562, 564 (W.D.N.Y. 2018).   In considering such opinions, the ALJ should apply

the same factors typically used to weigh the opinions of treating physicians, including: (1) the

length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the

evidence presented to support the source's opinion; (4) whether the opinion is consistent with the

record as whole; and (5) whether the opinion is offered by a specialist.   Further, the ALJ must

articulate his reasons for assigning the weight that he does accord to the medical opinions of record.

*Id*.

Ms. Klinko opined on May 25, 2018, based on bi-weekly treatment sessions beginning July

15, 2016 (although plaintiff notes that she had previously treated with Ms. Klinko as early as 2011,

at a different facility) that plaintiff  has a "history of trauma" which has caused symptoms of

anxiety, panic attacks, sleep disruption, poor appetite, hypervigilance, and memory and

concentration impairment.   She opined that due to anxiety and stress brought on by trauma

triggers, plaintiff has, inter alia, moderate limitations in completing tasks and maintaining attention

and concentration, and marked limitations with respect to using reason and judgment to make

simple work-related decisions, working at a consistent pace, staying on task, asking simple questions or requesting assistance, responding appropriately to criticism, and engaging in multi-step activities.   According to Ms. Klinko, plaintiff is "extremely" limited or entirely unable to function in the areas of getting along with others, working in coordination with or proximity to others, and managing work-related stress.   Ms. Klinko estimated that plaintiff's symptoms would cause her to be late to and/or absent from work more than four times per month.   (Dkt. #7 at 937-42).

The ALJ acknowledged Ms. Klinko's status as a treating social worker, but afforded her opinion only "little" weight, noting that "it is not supported by the relevant evidence or the record as a whole.   Specifically, the claimant's admitted activities of daily living exceed the abilities detailed in [Ms. Klinko's] opinion."   (Dkt. #7 at 28).   The evidence of record, as described by the ALJ earlier in the opinion, included observations by Ms. Klinko, plaintiff's treating nurse practitioner Rebecca Fears, and others, that she is generally cooperative with adequate social skills, normal motor behavior, clear and coherent thought processes, mildly-to-moderately impaired memory, and intact attention and concentration. (Dkt. #7 at 26).   The ALJ also described plaintiff's self-reported daily activities as including grocery shopping accompanied by someone else, caring for her two children, cooking, cleaning, doing laundry, showering "with reminders," and dressing herself several times per week.   (Dkt. #7 at 27).

The ALJ's characterization of the record was not factually erroneous.   Indeed, although Ms. Klinko's treatment notes reflect plaintiff's struggles with anxiety and/or depression, with some additional mention of "agoraphobia" symptoms beginning in or around December 2017 (just a few months prior to Ms. Klinko's May 25, 2018 opinion and the ALJ's August 6, 2018 decision), they do not reflect significant social dysfunction or inability to concentrate, and generally describe

plaintiff as cooperative, pleasant, friendly, and well-groomed, with good insight, judgment and attention.   (Dkt. #7 at 600, 604, 607, 609, 611, 613, 615, 616, 617, 629).

As the ALJ noted, the level of limitation described by Ms. Klinko was also inconsistent with plaintiff's self-reported activities of daily living during the relevant period, which included childcare, cooking, and cleaning, and (with assistance) participation in personal care and grocery shopping.   Although plaintiff argues that the ALJ failed to sufficiently consider the fact that plaintiff's engagement in some of her daily activities, like shopping and personal hygiene, was undertaken only with assistance or reminders from others, the ALJ explicitly noted plaintiff's need for assistance with some tasks in his decision, and his RFC finding included limitations that appear appropriately calculated to limit plaintiff's exposure to personal interactions, the need for decision-making, and other anxiety triggers.   These include limitations to simple tasks with simple instructions, no complex interaction or joint efforts with others, no more than incidental contact with the public, and only occasional, simple decision-making in a stable, unchanging work environment.   (Dkt. #7 at 25).

The Court also observes that the ALJ's mental RFC findings were otherwise supported by substantial evidence of record.   Such evidence included the opinion of consulting psychiatrist Dr. Amanda Slowik, who examined plaintiff on June 28, 2016 and found that plaintiff had no limitations in her ability to perform simple tasks or to maintain attention and concentration; mild limitations in performing simple tasks independently, learning new tasks and making appropriate decisions; moderate limitations in performing complex tasks independently; and moderate-to-marked limitations in maintaining a schedule, relating adequately with others, and dealing appropriately with stress.  (Dkt. #7 at 567-71).   The ALJ gave "great" weight to Dr. Slowik's opinion, and incorporated the bulk of her findings into his RFC determination.

The ALJ's RFC finding was likewise supported by the treatment notes of treating nurse practitioner Ms. Fears, who managed plaintiff's medications in conjunction with her therapy appointments with Ms. Klinko, and consistently observed that plaintiff, even when anxious, presented as alert, well-groomed, cognitively intact, and cooperative, with normal thought processes, and good judgment, insight, and attention.  (Dkt. #7 at 656, 659, 664-65, 709, 810, 817-19, 862, 884, 890).

In summary, I find that the weight given by the ALJ to the medical opinions of record was appropriate and sufficiently explained, and that the ALJ's decision is supported by substantial evidence, and is not the product of legal or factual error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted.   The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 20, 2020.

7